UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BARKACS,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>GOODWIN, Warden,<br><br>　　　　　　　　　　Respondent. | Case No.:  3:22-cv-01246-RSH-BLM<br><br>**ORDER DISMISSING SUCCESSIVE PETITION AND DENYING AS MOOT MOTION TO APPOINT COUNSEL**<br><br>[ECF No. 6] |

　　　　On August 9, 2022, Petitioner, a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his April 6, 2005 conviction in San Diego County Superior Court, case number SCE234361 ("Petition"). ECF No. 1. The Petition was originally filed in the United States District Court for the Eastern District of California and subsequently transferred to this Court on August 23, 2022. ECF No. 4. Petitioner also filed a motion to appoint counsel. ECF No. 6.

　　　　Nearly fifteen years ago, Petitioner filed a habeas petition challenging the same conviction. *See Barkacs v. Adams*, No. 3:07-cv-02139-JAH-WMC (S.D. Cal. Nov. 7, 2007), at ECF No. 1. On May 21, 2009, this Court denied Petitioner's first petition on the merits. *Id*. at ECF No. 23. On June 17, 2009, Petitioner appealed that decision. *Id*. at ECF No. 25. On July 19, 2011, the Ninth Circuit denied a certificate of appealability. *Id*. at ECF

No. 29; *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (finding petition was successive when it challenged "the same custody imposed by the same judgment of a state court" as a prior petition).

The Court must dismiss the Petition because Petitioner has not moved for an order from the Ninth Circuit authorizing this Court to consider his successive habeas application. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016) (failure to obtain appellate court authorization for filing a successive petition acts as a jurisdictional bar).

Under Rule 11 of the Rules Governing 28 U.S.C. § 2254, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005). A "substantial showing" requires a demonstration that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner cannot carry his burden to show that the Court's dismissal of his successive petition constitutes a denial of a constitutional right.

It is therefore **ORDERED** that this action be **DISMISSED** without prejudice to Petitioner filing another petition if he obtains the necessary order from the Court of Appeals. The Clerk of Court is directed to send Petitioner a blank Application for Leave to File a Second or Successive Petition under 28 U.S.C. § 2254 together with a copy of this Order. A certificate of appealability is **DENIED**. Because the Court is dismissing the Petition due to Petitioner's failure to make a threshold showing that he obtain a Ninth

//
//

1  Circuit Order authorizing his successive habeas application, his motion to appoint counsel,
2  ECF No. 6, is **DENIED** as moot.
3      **IT IS SO ORDERED.**
4  DATED: September 27, 2022

_____
Hon. Robert S. Huie
United States District Judge